BRIAN D. CHASE
bchase@bisnarchase.com
IAN M. SILVERS
isilvers@bisnarchase.com
BISNAR|CHASE LLP
1301 Dove Street, Suite 120
Newport Beach, California 92660
Telephone:  949/752-2999
Facsimile:  949/752-2777

MICHAEL L. FRADIN
mike@fradinlaw.com
LAW OFFICE OF MICHAEL L.
FRADIN
8401 Crawford Avenue, Suite 104
Skokie, Illinois 60076
Telephone:  847/644-3425
Facsimile:  847/673-1228

Attorneys for Plaintiff and Putative Classes

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRYSTAL REED, individually, and  on behalf of all others similarly situated, | Case No. |
| | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| Plaintiff, | |
| vs. | |
| BRIDGE DIAGNOSTICS, LLC, a California; and DOES 1 to 10, inclusive, | |
| Defendants. | |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

1.     Plaintiff Krustal Reed ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her attorneys, files this action against Bridge Diagnostics, LLC, a California Limited Liability Company, and Does 1 through 10 (collectively "Defendants") and alleges as follows.

## I.    **INTRODUCTION**

2.     Plaintiff brings this case against Defendants  for willfully violating the Fair Labor Standards Act 29 U.S.C. § 16(b) ("FLSA").  Plaintiff brings the FLSA as a nationwide collective action to seek past-due wages and an equivalent amount in liquidated damages for putative class members who opt in.  Plaintiff also brings supplemental Illinois state-law claims to recover broader remedies unavailable in FLSA actions (including for unreimbursed business expenses) and will seek to certify those state-law claims pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") for violations of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq*. and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1, *et seq*.

## II.    **JURISDICTION AND VENUE**

3.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 16(b) of the FLSA, 29 U.S.C. § 216(b).

4.     This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's Illinois wage and hour and associated claims because the claims originate from a common nucleus of operative facts.

5.     This Court also has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

6.     Venue as to Defendants is proper in this Court pursuant to 28 U.S.C. §§ 1391 as Defendant resides in this judicial district.

///

///

**CLASS AND COLLECTIVE ACTION COMPLAINT**

### III.    THE PARTIES

#### A.    Plaintiff

7.    Plaintiff Krystal Reed is a resident of the State of Illinois and was employed by Defendants  from approximately November 2010 to March 31, 2021 as a Field Operations Technician.   During the course of her employment with Defendant, Plaintiff incurred expenses related to her work, including use of her personal cell phone, laptop and electronic devices to, among other things, provide required responses to group chats and perform job duties, for which she was not reimbursed. Plaintiff also was regularly required to perform work off the clock.  Plaintiff regularly worked overtime, as did others she seeks to represent, and therefore the off the clock work would have ben owed at the overtime rate.   This off the clock work includes responding to group chats, emails and text messages and performing other work.

8.    Plaintiff will serve as an adequate, typical and active participant and class representative for the proposed FLSA Class, and under Rule 23.  Plaintiff shared the same or similar titles, duties, and was equally affected by Defendants' illegal wage practices.  Defendants have actual and constructive knowledge that Plaintiff and those she seeks to represent were required to work off the clock and perform activities for which they were not paid a wage, and that this results in minimum wage, overtime and liquidated damages owed. Furthermore, Defendants have actual and constructive knowledge that Plaintiff and those she seeks to represent were not reimbursed for business expenses including use of personal cell phones and electronic devices.

9.    Plaintiff has consented to sue for violations of the FLSA pursuant to 29 U.S.C. §§ 216(b) and 256. A Consent to Join Form for Plaintiff is attached hereto in Exhibit A.

///

///

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**B.    Defendants**

10.    Bridge Diagnostics is a California Limited Liability Company. Defendants' corporate headquarters is located in Newport Baach, California.

11.    Defendants have employees throughout the United States, including in California, Illinois, Maryland, Georgias, Delaware and Iowa.  Defendants are a National Molecular Laboratory focused on Infectious Disease and Women's Health.  While company's primary focus is women's health, when the pandemic hit, it pivoted quickly to increase testing capacity for the coronavirus.

12.    The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 10 are unknown to Plaintiff, who therefore sues these defendants by fictitious names.  Plaintiff further alleges that each of these fictitious defendants is in some manner responsible for the acts and occurrences herein set forth.  Plaintiff will amend this Complaint to show these defendant's true names and capacities when ascertained, as well as the manner in which each fictitious defendant is responsible.

# IV.    STATUTORY VIOLATIONS

## A. Collective Action Under the FLSA

13.    Pursuant to the FLSA, 29 U.S.C. §216(b), Claim for Relief I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of herself and others similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. § 201, *et seq*.

## B. Illinois Minimum Wage Law

14.    Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*., Claim for Relief II of this action is brought by Plaintiff to recover unpaid back wages for herself and others similarly situated. The claims asserted by Plaintiff herein under the IMWL are proper for certification under Rule 23.

**CLASS AND COLLECTIVE ACTION COMPLAINT**

### C. Illinois Wage Payment and Collection Act

15.    Pursuant to the IWPCA, 820 ILCS §115/1, *et seq.*, Claim for Relief III of this action is brought by Plaintiff to recover final compensation of wages and other compensation earned from the Defendant (including reimbursement of business expenses) for herself and others similarly situated. The claims asserted by Plaintiff herein under the IWPCA are proper for certification under Federal Rule of Civil Procedure 23.

### V.    FACTUAL ALLEGATIONS

16.    Throughout their employment, Plaintiff and Class Members were required to regularly read and respond to employee group chats. Plaintiff is aware of such chats including as many as 400 people in various states.  This regularly occurred before their shifts, after their shifts and when they were otherwise clocked out for breaks.  Yet Defendants failed to pay Class members anything for this time despite Defendants being well aware that they were performing work (as required by Defendants) when they were not clocked in.

17.    Additionally, Plaintiff and Class Members were required to respond to emails and text messages throughout the day (including when they were not on the clock). Again, they were not paid anything for this time results during which they were required to work for Defendants off the clock.

18.    Plaintiff and Class Members were also not paid for the time spent in initial training required by Defendants.

19.    The above extra time results not only in regular wages and minimum wage due, but also overtime for when the Class Members worked over 40 hours in a week (and corresponding liquidated damages for minimum wage and overtime violations).

///

**CLASS AND COLLECTIVE ACTION COMPLAINT**

20.    Furthermore, as made clear from the above, Defendants required Plaintiff and Class members to use their personal cell phones and electronic devices (including laptops) to respond to text messages, group chats and emails, Yet they were not reimbursed anything for such use.

21.    Defendants' failure to maintain accurate time records results in a presumption against Defendants that the records, if produced, would support Plaintiff's claim that wages are owed.    *Reich v. Southern New England Telecommunications Corp.*, 121 F.3d 58 (2d Cir. 1997).  In addition, in the absence of records, anecdotal evidence by Class Members estimating the time they spent working is admissible to establish how many hours the employees worked.  *Reich v. Waldbaum Inc.*, 833 F. Supp. 1037 (S.D. N.Y. 1993), *rev'd on other grounds,* 52 F.3d 35 (2d Cir. 1995); *Mabee v. White Plains Publishing Co.*, 41 N.Y.S.2d 534 (N.Y.S. 1943).  As explained by the Supreme Court, when an employer fails to keep adequate employment records, an employee makes a *prima facie* case under the FLSA if the employee produces "sufficient evidence to show the amount and extent of [his] work as a matter of just and reasonable inference."  The employee's proof of work hours need not be precise as to the dates and hours worked, and can consist of estimates as to the amount of work performed. *Williams v. R.W. Cannon, Inc.*, 2009 WL 2834955 (S.D. Fla. 2009); *Hilton v. Executive Self Storage Associates, Inc.*, 2009 WL 1750121 (S.D. Tex. 2009).  An employee's testimony, standing alone, will suffice to establish the amount of unpaid overtime worked, even if there is other evidence contradicting the employee's testimony.  *Moon v. Technodent Nat., Inc.*, 2008 WL 2117053 (M.D. Fla. 2008); *Ochoa v. Alie Bros., Inc.*, 2007 WL 2781192 (M.D. Fla. 2007); *Doo Nam Yang v. ACBL Corp.,* 427 F. Supp. 2d 327 (S.D. N.Y. 2005); *Turner v. Human Genome Science, Inc.,* 292 F. Supp. 2d 738 (D. Md. 2003); *Colindres v. QuietFlex Mfg.*, 427 F. Supp. 2d 737 (S.D. Tex. 2006).  The burden "then shifts to the employer to come forward with evidence of the precise amount of work performed or with

5

**CLASS AND COLLECTIVE ACTION COMPLAINT**

evidence to negate the reasonableness of the inference to be drawn from the employee's evidence.  If the employer fails to produce such evidence, the Court may then award damages to the employee, even though the result be only approximate." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946); *see Arias v. U.S. Service Industries*, 80 F.3d 509 (D.C. Cir. 1996); *Herman v. Harmelech*, 2000 WL 420839 (N.D. Ill. 2000).

22.    Plaintiff can meet her burden of proof by establishing that a representative sample of the Class Members performed work for which they were improperly compensated and by producing "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson, supra,* 328 U.S. 680; *Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1167 (9th Cir. 2014) ("Since *Dukes* and *Comcast* were issued, circuit courts including this one have consistently held that statistical sampling and representative testimony are acceptable ways to determine liability so long as the use of these techniques is not expanded into the realm of damages."); *Secretary of Labor v. DeSisto,* 929 F.2d 789 (1st Cir. 1991).  There is no obligation to present the testimony of each employee covered by the claim.  *Reich v. Southern New England Telecommunications Corp.,* 121 F.3d 58 (2d Cir. 1997).  For instance, in one case a court upheld the use of a sample of 2.5% of all affected employees to determine back wages due the rest.  *Reich, supra,* 121 F.3d 58.  In another, the court accepted a simple questionnaire distributed to employees.  *Fast v. Applebee's Intern., Inc*., 2009 WL 2391775 (W.D. Mo. 2009).  Accordingly, Plaintiff here can use representative evidence to prove Defendants' liability and damages owed in one stroke.

## VI.    FLSA CLASS DEFINITION AND ALLEGATIONS

23.    Plaintiff brings the First Claim for Relief for violations of the FLSA as a collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b).  Plaintiff

CLASS AND COLLECTIVE ACTION COMPLAINT

bring the FLSA action on behalf of herself and all members of the following the class (the "FLSA Class") comprised of:

**A.    FLSA Class**

All non-exempt employees currently or formerly employed in any state by Defendants from three years prior to the filing of the Complaint through final judgment who were not paid for all wages they are owed for all time they worked for Defendants.

24.    Plaintiff and the members of the FLSA Class are similarly situated in that they have substantially similar job classifications, job duties, job requirements, and were subject to Defendants' common practice, policy, or scheme of willfully and unlawfully not paying them for all time spent working for Defendants and instead forcing them to work off the clock, resulting in minimum wage and overtime violations as well as corresponding liquidated damages.

25.    The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), since the claims of the Plaintiff are similar to the claims of the members of the FLSA Class.

26.    The names, addresses and telephone numbers of the members of the FLSA Class are available from Defendants and notice should be provided to the members of the FLSA Class via first class mail to their last address known as soon as possible.

27.    Plaintiff seeks to recover damages for the FLSA Class for the three years prior to the filing of this Complaint (the "FLSA Class Period").

**VII.    ILLINOIS CLASS DEFINITIONS AND RULE 23 ALLEGATIONS**

28.    Plaintiff also bring the Second and Third Claims for Relief for violation of the IMWL and IWPCA as a class action pursuant to Rule 23(a), (b)(2), and (b)(3). Plaintiff brings these claims on behalf of themselves and all members of the following

7

class (the "Illinois Class") comprised of:

    **A.**   **Illinois Class**

        All Illinois based non-exempt employees currently or formerly employed by Defendants who were not paid the minimum wage, overtime compensation, and/or reimbursed for business expenses.

    **B.**   **Illinois Subclasses**

    29.   In the alternative, and for the convenience of the Court and the parties, Plaintiff may seek to certify the following subclasses at the time the motion for class certification is filed.

    **1.**   **Illinois Minimum Wage Subclass**

        All Members of the Illinois Class who Defendants failed to pay the Illinois minimum wage for each hour worked during the Illinois Class Period.

    **2.**   **Illinois Overtime Subclass**

        All Members of the Illinois Class who (1) worked in excess of 40 hours per week; and (2) who Defendants failed to pay wages at the requisite overtime rates of pay for hours overtime worked during the Illinois Class Period.

    **3.**   **Illinois Business Expense Reimbursement Subclass**

        All Members of the Illinois Class who were not reimbursed for all business expenses they incurred during the Illinois Class Period.

    30.   Throughout discovery in this litigation, Plaintiff may find it appropriate and/or necessary to amend the definition of the Illinois Class or Subclasses.  In any event, Plaintiff will formally define and designate a class

**CLASS AND COLLECTIVE ACTION COMPLAINT**

definition at such time when Plaintiff seek to certify the Illinois Class and Subclasses alleged herein.

31.    Plaintiff seeks to recover damages for the Illinois Class and Subclasses for the three years prior to the initial filing of the complaint (the "Illinois Class Period").

### C.    Rule 23 Allegations

#### 1.    Numerosity (Rule 23(a)(1)).

32.    The potential quantity of members of the proposed Illinois Class or Subclasses as defined are so numerous that joinder of all members would be unfeasible and impractical.   Plaintiff is informed and believes that the total number of current and formerly employed members of the Illinois Class or Subclasses number in the hundreds.  The quantity and identity of such membership is readily ascertainable via inspection of Defendants' employment and payroll records.

#### 2.    Existence of Common Questions of Law And Fact (Rule 23(a)(2)).

33.    There are common questions of law and fact as to the members of the Illinois Class or Subclasses which predominate over questions affecting only individual members which include, but are not limited to, the following:

a.    Whether Defendants failed to keep accurate records of all hours worked and wages earned by members of the Illinois Classes;

b.    Whether Defendants failed to pay members of the Illinois Classes proper minimum wages and overtime in violation of the IMWL;

c.    Whether Defendants have maintained a policy that results in depriving the Illinois Class members of wages due in violation of the IWPCA;

9

**CLASS AND COLLECTIVE ACTION COMPLAINT**

d.   Whether Defendants maintain a policy resulting in unauthorized and improper deductions from Illinois Class members' wages in violation of the IWPCA.

e.   Whether Defendants failed to reimburse Illinois Class members for business expenses;

f.   Whether the members of the Illinois Class are entitled to compensatory damages, and if so, the means of measuring such damages;

g.   Whether the members of the Illinois Class are entitled to injunctive relief;

h.   Whether Defendants are liable to members of the Illinois Class for attorneys' fees and costs.

**3.   Typicality (Rule 23(a)(3)).**

34.   The claims of Plaintiff are typical of the claims of all members of the Illinois Class or Subclasses she seeks to represent because all members of the Illinois Class sustained injuries and damages arising out of Defendants' common schemes to deprive their employees of wages owed and reimbursement of business expenses.

**4.   Adequacy (Rule 23(a)(4)).**

35.   Plaintiff is an adequate representative of the proposed Illinois Class or Subclasses she seeks to represent because she will fairly protect the interests of the members of the Illinois Class, she has no interests antagonistic to the members of the Illinois Class, and she will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

**5.   Injunctive And Declaratory Relief (Rule 23(b)(2)).**

36.   Injunctive relief is appropriate pursuant to Rule 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the

10

**CLASS AND COLLECTIVE ACTION COMPLAINT**

members of the Illinois Classes so that final injunctive relief as requested herein is appropriate respecting the Illinois Classes as a whole

### 6. Predominance And Superiority of Class Action (Rule 23(b)(3)).

48.    Class certification of the Second and Third Claims for Relief is also appropriate under Rule 23(b)(3) because questions of law and fact common to members of the Illinois Class or Subclasses predominate over any questions affecting only individual members of those classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Defendants' common and uniform policies and practices illegally deprived all Illinois Class Members of wages (including for business expenses incurred); thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials.  The damages suffered by individual members of the Illinois Class or Subclasses are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

49.    The nature of this action and the nature of the laws available to members of the Illinois Class or Subclasses make the use of the class action format particularly efficient and the appropriate procedure to afford relief to them for the wrongs alleged herein, for the following reasons:

a.    By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation;

**CLASS AND COLLECTIVE ACTION COMPLAINT**

b.  This case involves a large number of individual class members with many relatively small claims.  If each individual member was required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because they would be able to exploit and overwhelm the limited resources of each individual class member with their vastly superior financial and legal resources;

c.  Requiring each individual member to pursue an individual remedy would also discourage the assertion of lawful claims by class members, who would be disinclined to pursue action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being;

d.  Proof of a common business practice to maximize profits through an illegal Ponzi scheme will provide the common proof to establish liability against Defendants;

e.  Absent class treatment, the prosecution of separate actions by the individual members of the Illinois Class, even if possible, would likely create:

  i)   a substantial risk of each individual plaintiff presenting in separate, duplicative proceedings the same or essentially similar arguments and evidence, including expert testimony;

  ii)  a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants;

  iii) inconsistent or varying verdicts or adjudications; and

  iv)  potentially incompatible standards of conduct for

12

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Defendants.

f.    The claims of the individual members of the Illinois Class or Subclasses are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attendant thereto;

g.    Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage any individual questions; and

h.    Judicial precedent urges trial courts, which have an obligation to consider the use of innovative procedural tools to certify a manageable class, to be procedurally innovative in managing class actions.

49.    Finally, adjudicating this action on a class basis is appropriate because liability turns on Defendants' own uniform and systematic scheme to maximize profits by depriving its employees of wages and reimbursement of expenses. Classwide liability can be determined through manageable devices of common proof such as statistical random sampling, survey evidence based on scientific principles, representative testimony, documentary evidence and Defendants' common policies and practices. Once liability is determined, the damages suffered by each member can also be determined by the same common proof.

50.    Plaintiff does not contemplate class notice if the Illinois Class or Subclasses are certified under Rule 23(b)(2), which does not require notice, and notice to the putative Class or Subclasses may be accomplished through publication, or other forms of distribution, if necessary, if the Class or Subclasses are certified under Rule 23(b)(3), or if the Court otherwise determines class notice is required.

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff will, if notice is so required, confer with Defendants and seek to present the Court with a stipulation and proposed order on the details of a class notice program.

51.    Plaintiff intends to send notice to all members of the Illinois Classes to the extent required by Rule 23.

## VIII. <u>CLAIMS FOR RELIEF</u>

**A.    First Claim For Relief Brought by Plaintiff, on Behalf of Herself And The FLSA Class, Against Defendants For Illegally Deducting Business Costs And Losses From Wages (29 U.S.C. § 206; 29 C.F.R. § 531.35), Failure to Pay The Minimum Wage (29 U.S.C. § 206), And For Failure to Pay Overtime 29 U.S.C. §§ 201, *et seq.*).**

52.    Plaintiff realleges and incorporates by this reference each of the proceeding and foregoing paragraphs as if fully set forth herein.

53.    Plaintiff brings this Claim for Relief on behalf of herself and all other FLSA Class Members who have worked for or on behalf of the Defendant anywhere in the United States any time between three years prior to the filing of this suit and the date of final judgment in this matter.  This claim is brought on behalf of a class of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. § 216(b).

54.    Plaintiff brings this Claim for Relief under 29 U.S.C. § 216(b) of the FLSA. Plaintiff and other FLSA Class Members are similarly situated in that they are all subject to Defendants' common plan or practice of not for all hours worked (including for minimum wage and overtime) and not reimbursing for expenses.

55.    At all relevant times, Defendants were "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendants employed "employee[s]," including Plaintiff and each member of the FLSA Class.

14

At all relevant times, Defendants had gross operating revenues in excess of $500,000.

56.     The FLSA is the nation's basic law governing wages and hours of work, sets the minimum wage and contains standards as to when employers must pay overtime.  Code of Federal Regulations § 531.35  provides that employers must pay all statutorily-required minimum wage and overtime premiums finally and unconditionally, or "free and clear."  The FLSA requires each covered employer such as Defendants, to compensate all nonexempt employees at a rate of not less than the federal minimum wage during the FLSA Class Period.  The FLSA also requires each covered employer, such as Defendants, to compensate all nonexempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek,  In addition, the FLSA requires employers to record, report, and preserve records of hours worked by employees.

57.     As set forth in detail above, Defendants engaged in a common practice or scheme to maximize profits by the above actions and as a result did not pay employees for all hours worked, including overtime and reimbursement of business expenses. Defendants also failed to record, report, or preserve records of hours worked by Shoppers sufficient to determine wages, hours, and other conditions and practices of employment, in violation of the FLSA, including 29 U.S.C. §§ 211(c) and 215(a).

58.     Defendants knew or should have known that their pay practices violated the FLSA.   Defendants have the resources to determine whether they are in compliance with the FLSA, but continued the illegal scheme due to profits, instead of considering the welfare of their employees.  That is, Defendants made a rational decision, based on a cost/benefit analysis, that it was more profitable to continue with the scheme, instead of changing the scheme to comply with the law. Therefore Defendants' willfully, voluntarily, deliberately and intentionally violated the FLSA and did not have a "good faith" belief they were in compliance with the FLSA.  The

**CLASS AND COLLECTIVE ACTION COMPLAINT**

foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the 29 U.S.C. § 255(a).

59.    By failing to pay Plaintiff, and the members of the FLSA Class, at a rate not less than the minimum wage, Defendants violated the FLSA, 29 U.S.C. § 206. By failing to compensate Plaintiff, and the members of the FLSA Class, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).  By failing to record, report, and/or preserve records of hours worked by Plaintiff and the members of the FLSA Class, Defendants failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

60.    The conduct described herein constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

61.    Plaintiff and the members of the FLSA Class are entitled to past-due wages, an equivalent amount in liquidated damages, costs, and attorneys' fees, as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

62.    Plaintiff and the FLSA Class Members have incurred economic damages as a direct and proximate consequence of the acts of Defendant alleged herein.

63.    Plaintiff reserves the right to amend the FLSA Class definition if discovery or further investigation demonstrate that the FLSA Class should be expanded or otherwise modified.

///

///

16

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**B.**     **Second Claim For Relief Brought by Plaintiff, on Behalf of Herself And The Illinois Class, Against Defendants For Violating IMWL.**

134.    Plaintiff realleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

135.    At all relevant times, Defendant failed to pay Illinois Class Members wages when due, as required including by Chapter 820 of Illinois Compiled Statutes §§ 115/3, 105/4a, 105/12, and 145/1.

136.    As alleged above, Plaintiff and members of the Illinois Class were consistently and uniformly not paid the minimum wage for all the work they performed during the course of their employment with Defendants. Instead, they were regularly required to perform work off the clock. Defendants' unlawful conduct was neither inadvertent, nor *de minimis*, but widespread, repeated and part of a pattern and practice of conduct affecting Plaintiff and all members of the Illinois Class.

137.    Such a pattern, practice and uniform administration of a corporate policy designed to deprive employees of compensation, as described herein, is unlawful and creates an entitlement to recovery by the Shoppers for the unpaid balance of the amount of minimum wages and overtime due, including interest thereon, liquidated damages, reasonable attorneys' fees and costs of suit, as well as the assessment of any other civil and statutory penalties against Defendant.

138.    Defendants permitted, consented, and had actual or constructive knowledge Plaintiff and members of the Illinois Class were working off the clock because Defendants implemented the policy and practice.

139.    Defendant, pursuant to uniform policies and practices, failed to compensate Illinois Class Members at a rate not less than the minimum wage and applicable overtime rate for all hours worked in violation of Chapter 820 of the Illinois Compiled Statutes.

**CLASS AND COLLECTIVE ACTION COMPLAINT**

140.   As a result of Defendant' conduct, Plaintiff and the Illinois Class are entitled to all monetary and other damages permitted under Chapter 820 of the Illinois Compiled Statutes including the unpaid balance of the amount of minimum wage and overtime, including interest thereon, liquidated damages, reasonable attorneys' fees and costs of suit, liquidated damages, as well as the assessment of any other civil and statutory penalties against Defendant.

141.   As a result of the foregoing, Plaintiff and the members of the Illinois Class have been damaged in an amount to be determined at trial.  The IMWL contains a three-year statute of limitations regardless of whether the violation was willful.  *See* 820 ILCS 105/12(a).

**C.    Third Claim For Relief Brought by Plaintiff, on Behalf of Herself And The Illinois Class, Against Defendants For Violating IWPCA.**

142.   Plaintiff realleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

143.   Plaintiff and members of the Illinois Class were not paid their wages for a significant amount of work for which were promised to be paid and that was performed in the course of their employment with Defendants.

144.   At all relevant times herein, Defendants were "employer[s]" as defined in the IWPCA, 820 ILCS 115/1, *et seq*., and Plaintiff and similarly situated persons were "employee[s]" within the meaning of the IWPCA.  Defendants were at all times aware of their obligation to pay their hourly employees for all time they worked, and are aware of the compensation actually paid to Plaintiff and the Illinois Class.

145.   Defendants agreed to compensate its employees, including Plaintiff and members of the Illinois Class, for all time worked.  However, Defendants instituted practices that resulted in its employees working certain time without compensation as addressed above.  The result was that Defendants failed to compensate Plaintiff and

**CLASS AND COLLECTIVE ACTION COMPLAINT**

the members of the Illinois Class for all the time they worked, including "gap-time" and overtime.

146.   Additionally, Plaintiff and Illinois Class members were not reimbursed for required expenses.  Illinois state employment law under Chapter 820 of the Illinois Compiled Statutes requires employers to reimburse employees for such expenses, which are for the benefit of the employer and necessary for the employees to perform their jobs.

147.   Throughout their employment, Plaintiff and Illinois Class Members incurred expenditures or losses related to their employment and in direct consequence of the discharge of their duties as Defendants' employees, or of their obedience to the directions of Defendants.  Defendants failed to reimburse or indemnify Plaintiff and Illinois Class Members for these expenditures or losses.

148.   As addressed above, at all relevant times, Defendant required Plaintiff and Illinois Class Members to to use their own smart phones, data from their personal cell phone service plans and other electronic devices including computers as a condition of their work in order to receive and carry out their jobs. Defendant did not reimburse them for any such use in any manner.

149.   Therefore, Plaintiff and the members of the Illinois Class are entitled to unpaid wages, reimbursement of business expenses and attorneys' fees and costs.

150.   Defendant, and each of them, have violated and continue to violate Chapter 820 of Illinois Compiled Statutes by willfully refusing to pay wages (including minimum wage and overtime) and reimburse for business expenses as addressed above due and payable to Plaintiff and the other Illinois Class Members. These unpaid hours include overtime and minimum wage that should have been paid.

**CLASS AND COLLECTIVE ACTION COMPLAINT**

151.    Defendant has falsely denied and refused and continues to deny falsely and refuse payment of the above for purposes of securing a material economic benefit and with the intent to annoy, harass, oppress, hinder, and defraud Plaintiff and Illinois Class Members.

152.    Such a pattern, practice and uniform administration of a corporate policy designed to deprive employees of compensation, as described herein, is unlawful and creates an entitlement to recovery by Plaintiff, in a civil action, for the unpaid balance of the amount of unpaid wages, including interest thereon and liquidated damages, reimbursement of business expenses and reasonable attorneys' fees and costs of suit, as well as the assessment of any other civil and statutory penalties against Defendant.

153.    By the conduct described herein, Defendant has violated the IWPCA.

154.    As a result of Defendant's violations, Plaintiff and Illinois Class Members are entitled to wages, reimbursement of the incurred expenses, as well as attorneys' fees and costs, interest, liquidated damages, and all civil penalties available as a result of such conduct.

## X.    **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of themselves and all members of the Plaintiff Classes they seek to represent, pray for relief as follows:

1.    For an order certifying this case as a Collective and Class Action (as detailed above) and appointing Plaintiff and her counsel to represent the Class and Subclasses above;

2.    For a declaratory judgment that the practices complained of herein are unlawful under appropriate state law and the FLSA;

3.    For an award of unpaid minimum wages for each hour worked as required by the FLSA and Illinois law;

**CLASS AND COLLECTIVE ACTION COMPLAINT**

4.    All unpaid overtime as required by the FLSA and Illinois law;

5.    Restoration of all business expense incurred by Class Members;

6.    For actual and compensatory damages according to proof pursuant to the FLSA and the Illinois statutes;

7.    For restitution and disgorgement to the extent permitted by applicable law;

8.    For an order enjoining Defendant from continuing to engage in the conduct described herein;

9.    For liquidated damages as provided by applicable law;

10.   For civil and statutory penalties available under applicable law;

11.   For pre-judgment and post-judgment interest;

12.   For an award of attorneys' fees, costs and expenses as authorized by applicable law; and

13.   For such other and further relief as this Court may deem just and proper.

## X.    <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional a right to jury trial.

Dated: August 30, 2021                 **BISNAR|CHASE LLP**

By:  _/s/Ian M. Silvers____
     BRIAN D. CHASE
     IAN M. SILVERS

**CLASS AND COLLECTIVE ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LAW OFFICE OF MICHAEL L. FRADIN**


By: */s/ Michael L. Fradin*
    MICHAEL L. FRADIN ( *pro hac vice pending)*

Attorneys for Plaintiff and Putative Classes

**CLASS AND COLLECTIVE ACTION COMPLAINT**

# EXHIBIT A

**CONSENT FORM**

1. I consent and agree to pursue my claims for unpaid overtime and/or minimum wages through a lawsuit filed against Bridge Diagnostics, LLC and agree to be a class representative.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act and/or state wage and hour laws. I hereby consent, agree and opt-in to become a plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

3. I intend to pursue my claim individually, unless and until the court or parties certify this case as a collective or class action. If someone else serves as the class representative(s), then I designate the class representative(s) as my agent(s) to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with Plaintiff's counsel concerning fees and costs, the entering into a settlement agreement with my employer, and all other matters pertaining to this action.

4. In the event the case is certified and then decertified, I authorize Plaintiff's counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.

DocuSigned by:

7371DB38939244F...

Krystal Reed

Date: 8/27/2021